AO 91 (Rev. 12/93) Criminal Complaint

# In United States District Court
## For the District of Delaware

*Page 1 of 3 pages*

UNITED STATES OF AMERICA

v.

**WILFREDO PINKSTON**
Defendant

**REDACTED**

Criminal Complaint

CASE NUMBER: 07- 60M-MPT.

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 30th, 2007 in the District of Delaware, Defendant WILFREDO PINKSTON did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about 1/04/99 of a crime punishable by imprisonment for a term exceeding one year,

in violation of Title ___18___ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosive and that this complaint is based on the following facts:
*Official Title*

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Special Agent, ATF

Sworn to before me and subscribed in my presence,

March 31, 2007    at 4:41am    Wilmington, DE
Date                                                       City and State

WAYNE R. HANby
Justice of the Peace   JP CT. 20         _Wayne R. Hanby_
Name & Title of Judicial Officer                Signature of Judicial Officer

I.D. checked



FILED
APR - 2 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE



## AFFIDAVIT OF SPECIAL AGENT TAT SHUM

1. Your affiant is Special Agent Tat S. Shum. Your affiant has been a law enforcement officer for over seven years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Professional Training Course. Prior to my employment with ATF, your affiant was employed by the Pennsylvania State Attorney's Office as a State Narcotics Agent who had previously received training and conducted investigations involving the illegal use of firearms. Your affiant was also previously employed by the First Judicial District of Pennsylvania, Common Pleas and Municipal Courts, as a warrant unit investigator for the County of Philadelphia. During the course of my law enforcement career, I have participated in over 100 seizures of firearms and conducted over 150 criminal investigations involving federal firearms violations.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on March 30, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officers Richard Armorer and Brian Conkey.

4. Your affiant reviewed the computer criminal history information for the Defendant from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Assault in the first degree and Possession of a firearm during the commission of a felony from on or about 1/04/99 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from those DELJIS and NCIC computer checks that the defendant has prior arrests for unlawful sexual intercourse in the third degree in 1999, and theft, trafficking in cocaine, and possession with intent to deliver a narcotic schedule controlled substance in 1997, and terroristic threat, driving with suspended license, and removal of vehicle from accident scene in 1996.

5. As stated to me by Wilmington Police Officers Richard Armorer and Brian Conkey, I learned the following: On March 30, 2007 at approximately 2203 hours, while Officers Armorers and Conkey were patrolling in the 400 block of West 30th Street, Wilmington, Delaware in a marked police vehicle, they observed a suspect who was later identified as Wilfredo PINKSTON DOB:    '77 standing in the driveway of a boarded up vacant home on            Street with an unidentified male. Upon the officers' police vehicle approaching the location, PINKSTON immediately fled to the rear of the vacant building, along the west side

driveway. Both officers pursued PINKSTON on foot. Officer Conkey took up a position along the east side of the vacant home as Officer Armorer pursued the suspect along the west side where PINKSTON was running. Officer Conkey then observed PINKSTON stopped at a tree in the backyard of the same house and then turned around to run back towards Officer Armorer. Officer Conkey continued to pursue the suspect and he suspected that PINKSTON may have placed an unknown object at the tree. Armorer finally confronted PINKSTON at gun point on the west side of the driveway and PINKSTON was detained. Officer Conkey immediately returned to the tree where PINKSTON was stopping and he recovered one Colt, .45 caliber handgun that was loaded with seven rounds of .45 caliber ammunition, no serial number. According to Officers Conkey and Armorer, there was no debris or moisture on the firearm which is consistent with recent placement of the firearm by the suspect. PINKSTON was taken into police custody by the Wilmington Police officers.

6. Your affiant had a discussion with an ATF firearm expert. The firearm expert confirmed that the mentioned weapon is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

7. From information provided to me by Wilmington Police Officers Armorer and Conkey, your affiant learned that the defendant was advised of his Miranda rights by Wilmington Police Officer and the defendant invoked his rights and did not make any statement.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Tat S. Shum
Special Agent, ATF

Sworn to and subscribed in my presence
this ~~30~~th day of March, 2007
    31TH WRH
Wayne R. Hanby
Honorable Judge Hanby
Justice Peace Court 20
State of Delaware

3/31/07