IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07- 47-SLR |
| WILFREDO PINKSTON, | : | |
| Defendant. | : | |

## RESPONSE TO DEFENDANT'S
## MOTION FOR RECONSIDERATION OF DETENTION STATUS

NOW COMES the United States of America by and through Colm F. Connolly, United States Attorney for the District of Delaware and Martin C. Meltzer, Special Assistant United States Attorney for the District of Delaware, and hereby responds to Defendant's Motion for Reconsideration of Detention Status (D.I. 10) as follows:

1. On April 2, 2007, the Government moved, pursuant to 18 U.S.C. § 3142(f) to have the defendant detained pending trial.

2. The detention hearing was heard by the Court on April 9, 2007, and the defendant was detained pending trial.

3. On April 16, 2007, the Defendant filed the instant motion. In his motion, the defendant contends that he has received an offer of employment that constitutes a changed circumstance from the April 9, 2007, hearing. D.I. 10, ¶¶ 3-4. The defendant also reiterates some of the points he argued at the April 10 hearing. D.I. 10, ¶¶ 5-7.

4. A hearing may

> be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known

> to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

5. In his motion, the Defendant contends that in response to the Defendant's proffer that General Motors "[might] be asking Mr. Pinkston to return to work for them in the coming weeks, [the Court] indicated ... that if Mr. Pinkston was able to provide proof that he had a job waiting for him at General Motors, that the Court would consider releasing Mr. Pinkston ... ." D.I. 10 at ¶ 2.

6. Defendant now contends that he has in fact obtained employment and the Court should therefore revisit its bail decision. He makes a proffer to this effect (D.I. 10 at ¶ 2) and attaches a letter dated April 16, 2007, from Diane Graham who is identified as Manger People Systems for General Motors. D.I. 10, Ex. A. In her letter, Ms. Graham states that the Defendant "is being **considered** for re-employment as a **seasonable** employee." *Id.* (emphasis added). She goes on to say that he is scheduled for a drug screen on April 19, 2007, and that "[p]rovided that he successfully passes, we **could** offer him employment for May 3, 2007." *Id.* (emphasis added). Ms. Graham's letter is not an offer of employment - indeed, it indicates that General Motors has not committed to re-hiring the Defendant even if he passes the drug screen. There is no indication in her letter that Ms. Graham is aware of the defendant's criminal history or the present charges, and there is no record as to how that information might affect her decision.

7. In addition, employment is only one of a number of factors set forth by Section 3142(g). Even assuming that the Defendant has obtained seasonal employment, the record here

overwhelmingly supports detention. Delaware courts have issued at least six capiases against the Defendant for failures to appear. He has a 1995 conviction for resisting arrest, disorderly conduct and terroristic threatening. He has a 1997 conviction for carrying a concealed dangerous instrument. He also has a 1998 conviction for two counts of assault first degree and one count of possession of a firearm during the commission of a felony. According to the bail report, the Defendant's assault conviction involved a gunfight with another man. Two men standing with that other man were shot. He was sentenced following the assault conviction to seven and one half years imprisonment followed by seven years probation. The Defendant has one violation of probation in his record and in fact was on probation at the time of the current offense. In sum, the Defendant's record compels the conclusion that he is a danger to the community and presents a risk of non-appearance[1] that is not offset in any substantial way by the purported conditional offer of employment by General Motors. Thus, the government

---

[1] On the issue of non-appearance, the Defendant contends that the Court's reservations about release could be "quelled" by electronic monitoring. However, "[e]lectronic monitoring and other means of personal supervision are insufficient, however, because they only notify authorities that the defendant is already fleeing." *United States v. Chagra*, 850 F.Supp. 354, 360 (W.D.Pa. 1994) (citation omitted).

respectfully requests that the Court deny the instant Motion without a hearing.

                    Respectfully submitted,

                    COLM F. CONNOLLY
                    United States Attorney

                    By: _____
                    Martin C. Meltzer
                    Special Assistant United States Attorney

Date: April 18, 2007