IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Criminal Action No. 07-47-SLR |
| WILFREDO PINKSTON, | : |
| Defendant. | : |

<u>MOTION AND ORDER FOR SALIVA SAMPLES FOR DNA TESTING</u>

**COMES NOW** the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Martin C. Meltzer, Special Assistant United States Attorney, and respectfully moves this Court for an Order directing defendant Wilfredo Pinkston to provide forthwith saliva samples through the use of two buccal swabs applied by A.T.F. Special Agent Tat Shum, or his designee. In support of this motion, the United States avers as follows:

1.  Wilfredo Pinkston was indicted by the Grand Jury for the District of Delaware on April 4, 2007, for possession of a firearm by a person prohibited, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2.  As set forth in the criminal complaint plead in this matter, on or about March 30, 2007 at approximately 22:03 hours Wilmington Police Officers observed an individual who later was identified as Wilfredo Pinkston standing in a driveway of a boarded-up vacant home with another unidentified male. When the police officer's vehicle approached the location, Pinkston immediately fled to the rear of the vacant building along the west side driveway. Both officers

exited their vehicle and pursued Mr. Pinkston on foot. One officer observed Pinkston stop at a tree in the backyard, before turning around to run towards one of the Officer. Pinkston was subsequently detained. One of the Officers, returned to the aforementioned tree and discovered a Colt .45 caliber handgun that was loaded with seven rounds of .45 caliber ammunition. It is this firearm that is the object of the indictment.

3. On August 31, 2007, The Government was advised that a preliminary analysis of a swab taken from the Colt .45 caliber handgun showed DNA samples. The found DNA appears to be typable, and this laboratory should be able to perform a comparison between the found DNA and a DNA sample taken from the defendant.

4. The laboratory further informed the Government that a sufficient DNA sample can be obtained from a saliva sample. According to the laboratory, in order to ensure a sufficient sample for scientific analysis, the saliva sample should be taken through the use of two buccal swabs applied to the inside of the defendant's cheek and gum line. This method ensures that the necessary cells for comparison purposes are obtained. Simple expectoration into a container cannot ensure a sufficient sample.

5. If the DNA found on the Colt .45 caliber handgun is consistent with that of the defendant, it will provide additional relevant evidence linking the defendant to the offense. Conversely, if the DNA found on the Colt .45 caliber handgun is not consistent with that of the defendant, it will provide potential exculpatory evidence.

6. The taking of a saliva sample implicates the defendant's Fourth Amendment interests. Under the Supreme Court's methodology set forth in Schmerber v. California, 388 U.S. 263 (1966), the Court may order an intrusion such as this if: (1) the ordinary Fourth Amendment probable cause requirements are met; and (2) the type of intrusive procedure and the

manner in which it is to be performed are reasonable. See United States v. Nicolosi, 885 F. Supp. 50, 53 (E.D.N.Y. 1995).

7.  The Supreme Court has suggested that a proper assessment of the reasonableness criteria must balance two factors: (1) the extent to which the procedure may threaten the safety or health of the individual and the extent of the intrusion upon the individual's dignitary interests in personal privacy and bodily integrity; and (2) the community's interest in fairly and accurately determining guilt or innocence. See Winston v. Lee, 470 U.S. 753, 761-62 (1985); Nicolosi, 885 F. Supp. at 53. In Nicolosi, the district court concluded that the taking of saliva samples falls in the middle of the continuum of intrusions on individual dignitary interests between, on the one end, blood and other internal fluids which can only be obtained by extracting them from the body, and, on the other end, hair and handwriting, which are outwardly manifested in the public domain. See 885 F. Supp. at 55.

8.  The Government respectfully submits that the Court should adopt this conclusion and find that the extent of the intrusion necessitated by a saliva swab is reasonable. The taking of a saliva sample by a buccal swab is less intrusive than a blood test, as performing a saliva swab does not require piercing of the skin, and may be conducted safely outside a hospital environment with a minimum of embarrassment or inconvenience. See Skinner v. Railway Labor Executives Association, 489 U.S. 602, 625 (1989) (comparing breath and blood tests). Moreover, providing a saliva sample is less of an intrusion upon the individual's dignitary interests than is a urine sample. Unlike the urine tests approved by the Supreme Court in Skinner, providing saliva does not require the subject to perform an excretory or other function "traditionally shielded by great privacy." See id. at 626. Although similar in some respects, providing saliva "is not viewed with the same disfavor nor concealed behind closed doors as urinating; consider the commonplace

sight of athletes expectorating on national television on a daily basis." Nicolosi, 885 F. Supp. at 55.

9. DNA testing has the capacity to greatly assist the fair and accurate determination of guilt or innocence in this matter. Balancing this against the relatively less intrusive nature of the saliva swab procedure, the Government respectfully submits that the Court should find the procedure reasonable, and grant the requested Order based upon the probable cause found by the Grand Jury. See Nicolosi, 885 F. Supp. at 56.

11. The taking of saliva samples is non-testimonial in nature, and therefore would not violate the defendant's Fifth Amendment rights. See Gilbert v. California, 388 U.S. 263, 266-67 (1967); Schmerber v. California, 384 U.S. 757 (1966).

12. The Government has conferred with council for the defendant, Joe Hurley, Esquire, and he takes no position on this motion.

**WHEREFORE**, for the reasons set forth above, the United States respectfully requests an Order directing Wilfredo Pinkston to provide forthwith saliva samples through the use of two buccal swabs applied by A.T.F. Special Agent Tat Shum, or his designee.

                                                Respectfully submitted,
                                                COLM F. CONNOLLY
                                                United States Attorney

BY: _____
                                                Martin C. Meltzer
                                                Special Assistant United States Attorney

Dated: September 6, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>  :  <br> Plaintiff  :  <br>  :  <br> v.  :  <br>  :  <br> WILFREDO PINKSTON,  :  <br>  :  <br> Defendant.  :  | Criminal Action No. 07-47 SLR |

### ORDER

AND NOW, this _____ day of _____, 2007, it is HEREBY ORDERED that the government's Motion for Saliva Samples for DNA Testing is GRANTED. The defendant is directed to provide forthwith saliva samples through the use of two buccal swabs applied by A.T.F. Special Agent Tat Shum, or his designee.

 

_____
Honorable Sue L. Robinson
United States District Judge

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 07-47-SLR |
| WILFREDO PINKSTON | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Sherry Kaminski, an employee with the United States Attorney's Office, hereby certify that on the 7th day of September 2007, I caused to be electronically filed:

**Motion and Order For Saliva Samples For DNA Testing**

with the Clerk of the Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF. I further certify a copy of the foregoing notice were sent via U.S. mail, postage prepaid, to the attorney of record as follows:

Joseph Hurley, Esq.
1215 King Street
Wilmington, DE 19801

_____
Sherry Kaminski